### United Brotherhood of Carpenters and Joiners of America v. Catherine Fortin.

1. FRATERNAL INSURANCE—*Before Forfeiture Can Be Claimed, Notice Required by the Constitution Must Be Given to Insured.*—Before a forfeiture can be claimed by a fraternal insurance society, the notice required to be given the insured by the constitution must be given.

2. SAME—*Burden is upon the Society to Show that Insured Was*

United Brotherhood of Carpenters & Joiners v. Fortin.

*Not in Good Standing.*—The burden of showing that before his death the insured had lost his good standing as a beneficial member, is upon the society.

3. SAME—*Burden upon Society to Show that the Constitution Was Amended in Accordance with its Provisions.*—The burden is upon the society to show that the constitution has been amended in accordance with its provisions, before the amendment offered becomes competent evidence.

4. SAME—*General Officers Represent the Society.*—The president, secretary, or other general officer of a society, when in the discharge of the duties of his office, represents the society itself, and has power, *prima facie*, to do any act which the directors could authorize or ratify.

**Action for Funeral Benefits.**—Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in this court at the March term, 1902. Affirmed. Opinion filed March 30, 1903. Rehearing denied April 18, 1903.

Plaintiff in error is a trades union society, made up of a central government situate in Philadelphia, Pa., and of a system of local unions situate in various places throughout the country. The central body is composed of the local unions, each of which is considered as a unit. The membership is confined to woodworkers. The object of the union is to further what is believed to be the best interests of its members and the furtherance of trade rules. Upon the death of a beneficial member in good standing, his widow or legal heirs are entitled to a funeral benefit of $100 on six months' membership, and of $200 on one year's membership.

November 19, 1895, Edward Fortin joined the union by becoming a beneficial member of Local Union No. 21 of Chicago. He retained his membership until his death, in June, 1900. Defendant in error, the widow of Edward Fortin, made claim against the order for the funeral benefit of $200. The union contested the claim upon the ground that at the time of his death the deceased was not a member in good standing, and that no proofs of death were furnished to it.

Section 89 of the constitution of the union in force in 1895, reads as follows:

"Any member indebted to his local union for any sum equal to two months' dues, shall be notified in writing by

the F. S., and when owing a sum equal to three months' dues, is not in good standing, and is debarred from all benefits, until three months after all his arrearages are paid in full."

It is provided in section 109 of such constitution that " when any death or disability occurs, the person applying for benefit shall present to the local union concerned a certificate of the facts from the attending physician, and if approved by the local union the same shall be forwarded by the F. S. to the G. S.-T., with the claim certificate of the U. B., properly filed, and shall also send all other papers required."

At the trial, among other things the defendant in error was asked and answered the following questions:

Q. "After the death of Edward Fortin, did you make any appearance before the local union, or any of its officers, with reference to his death ? " A. "Yes, sir."

Q. " What officer, if any ? Give the name of the officer." A. " Mr. Paul Hudon."

Q. " What did you say to Mr. Paul Hudon and what, if anything, did he say to you ? " A. " He answered that they did not owe me anything because he was not in good standing."

It is admitted that Hudon was then the financial secretary of the local union, and that no physician's certificate was presented to the local union.

The duties of the financial secretary of the local union under the constitution of 1895, in part are:

" Sec. 153. (a) The F. S. shall receive all moneys paid into the union, and at the close of each meeting pay the same to the treasurer, from whom he shall take a receipt; he shall keep a correct account of each member with full name and residence, and notify all members when two months in arrears.

(b) The F. S. shall enter and date each payment on the card of membership, and sign the same, and shall book in his ledger the exact date and full amount of each payment of dues."

It is claimed by plaintiff in error that in 1898 the constitution in force in 1895 was amended so that said section 89 read as follows:

" Sec. 89. (a) When a member owes a sum equal to three months' dues, he is not in good standing, and is thereby suspended from all benefits in the interim, and will not again be in benefit until three months after all his arrearages are paid in full."

The provision in the constitution of 1895, relating to amendments, is as follows:

" Sec. 183. This constitution, and the local rules herein contained, can be amended or altered at the regular session of the convention by a majority vote of the delegates present, or as provided for in Sec. 39, and all such amendments or alterations must be submitted by the G. S.-T. within ten days after the convention adjourns, to the local unions for their approval or rejection, said vote to be returnable to the G. S.-T. by each L. U. within six weeks after said convention. A two-thirds vote of the members voting shall be necessary to sustain such amendments or alterations to make them law."

There was judgment for the defendant in error for the sum of $200, from which this writ of error was prosecuted.

JOHN F. GEETING, attorney for plaintiff in error.

E. S. CUMMINGS, attorney for defendant in error.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

It is admitted that the deceased, for several years prior to the year 1900, was a beneficial member in good standing of the local union of the United Brotherhood, but it is asserted that in that year and prior to his death he became indebted to the local union for more than three months' dues. The burden of showing that before his death he had lost his good standing as a beneficial member, was upon the plaintiff in error. (Covenant Mut. L. Ass'n v. Tuttle, 87 Ill. App. 321, and cases cited.) In order to establish this proposition the plaintiff in error offered evidence tending to prove that the deceased was in arrears for the months of April, May and June, 1900. His death occurred in July of that year. Section 89 of the constitution of the United Brotherhood, in force when the deceased became a member, reads as follows:

" Any member indebted to his local union for any sum equal to two months' dues, shall be notified in writing by the F. S., and when owing a sum equal to three months' dues, is not in good standing, and is debarred from all benefits, until three months after all his arrearages are paid in full."

The loss of good standing by reason of the fact that the member owes a sum equal to three months' dues, does not occur by virtue of this section unless, after he is in arrears for two months' dues, the financial secretary of the local union shall notify him in writing of that fact. The giving of this notice is a condition precedent to such forfeiture. Fields v. United Brotherhood, 60 Ill. App. 262.

Plaintiff in error further argues that under the amended constitution of 1899 the deceased was not a member in good standing at the time of his death, and consequently his widow had no right of recovery; and that the trial court erred in refusing to admit such amended constitution in evidence. Section 89 (a) of that instrument as amended reads :

" When a member owes a sum equal to three months' dues he is not in good standing, and is thereby suspended from all benefits in the interim, and will not again be in benefit until three months after all his arrearages are paid in full."

From the wording of this section it is claimed that by the very fact of owing three months' dues he was suspended from all benefits. In other words, this section is self-acting. Suppose that be granted. The plaintiff in error is not helped thereby, for the reason that the amended constitution was properly kept out of the case. There was a total lack of preliminary evidence necessary to render it admissible. The old constitution provided the manner in which it could be amended, i. e., by a majority vote of a regular session of a convention of the general body, followed by an approval thereof by a two-thirds vote of the local unions. The burden was upon plaintiff in error to show that the constitution had been amended in accordance with its provisions, before the amendment offered became competent evidence. This was not done. Metropolitan

United Brotherhood of Carpenters & Joiners v. Fortin.

Safety Fund Accident Ass'n, etc., v. Windover, 137 Ill. 417–434.

We need not go into a discussion of the mooted question as to whether or not the contract between the parties was amendable without the consent of the member, since that question does not arise until proof is made that the constitution had been amended in obedience to its terms.

The third objection of plaintiff in error is that the widow did not "present to the local union a certificate of the facts from the attending physician," as is required by section 109 of the constitution. This is a condition precedent to the right of recovery. Unless it is waived, non compliance with this condition (which is admitted) bars a recovery. To excuse the lack of such certificate, defendant in error says she saw Paul Hudon, the financial secretary of the local union, in reference to her death benefit, and he answered her that they did not owe her anything because her husband was not in good standing. The constitution does not designate any officer whose duty it is to receive the certificate. The financial secretary was one of the principal officers of the local union; it was his duty, by said section 109, to forward the claim certificate and all other papers in connection with the death to the general secretary-treasurer, to receive from him the draft for the amount of the benefit, if allowed; it was also his duty, under section 153, to keep a correct account of each member and to notify all members in arrears; and under section 89 it devolved upon him to notify each member in writing when his unpaid dues ran for the period of two months. In short, he was the financial accountant standing between the member and the union, charged with the duty of protecting the rights of each. Defendant in error had no right to intrude herself into a meeting of the local union for the purpose of presenting her claim. She must be content to lay the same before some one of its officers who had authority to receive it. In our opinion, the financial secretary is that officer, and that by his denial of all liability, she was excused from the necessity of presenting such certificate. The agent of such a corporation, charged with the duty of

receiving proofs of death, *prima facie* has the power to waive the presentation of such proofs by refusing to recognize any liability upon the part of his principal.

"The president, secretary, or other general officer of a society, when in the discharge of the duties of his office, represents the society itself, and has power, *prima facie*, to do any act which the directors could authorize or ratify." Niblack on Ben. Soc., Sec. 95.

The judgment of the Circuit Court is affirmed.