W. L. SLEIGHT, ET AL., V. SUPREME COUNCIL OF THE MYSTIC TOILERS, and MYSTIC TOILERS, Appellants.

**Mutual benefit associations:** NON PAYMENT OF ASSESSMENT: FORFEITURE: BURDEN OF PROOF. A beneficial association having in its hands an unapplied advance assessment of a member cannot claim a forfeiture of the certificate on the ground of non payment of a subsequent assessment; and on the issue of forfeiture it has the burden of proof.

**Recovery of funeral benefits.** Where the by-laws of a beneficial association provide for the payment of funeral benefits to the next of kin or the person having charge of the burial, an allegation that plaintiffs are next of kin and proof that they are children of deceased and in fact have charge of the burial entitles them to recover the benefit.

*Appeal from Linn District Court.*— HON. WM. G. THOMPSON, Judge.

WEDNESDAY, MAY 9, 1906.

Rehearing Denied Thursday, February 14, 1907.

SUIT in equity on a benefit certificate issued by the defendant. Judgment for the plaintiffs. The defendants appeal.— *Modified* and *affirmed.*

*Sager & Sweet* and *Cooper, Clemans & Lamb,* for appellants.

*Lewis Heins,* for appellees.

SHERWIN, J.— This is the second appeal in this case. The decision on the first appeal is reported in 121 Iowa, 724,

where a statement of the case will be found, together with
the provisions of the constitution and by-laws
material to a disposition of the questions pre-
sented for determination.   The case was tried
in equity the second time on an amended peti-
tion, resulting in a judgment for the plaintiffs for the sum of
$1,200, with interest thereon at the rate of 6 per cent. from
the first day of December, 1900.   The judgment included
the sum of $100 for a monument and a like sum for funeral
benefits.   The appellants contend there is no liability be-
cause of the failure to pay assessment No. 3 for the 1st of
August, 1900, and, further, because the quarterly per capita
tax of 50 cents due on the 1st of September, 1900, was delin-
quent.   Mrs. Sleight was admitted to membership in the
defendant order on the 8th or 10th of February, 1900, and
died on or about the 1st of October of the same year.
That she paid the entire amount necessary for her initiation
into the order is conceded, and there is nothing in the record
tending to show that such sum was not paid in strict con-
formity to the rules and regulations which required its pay-
ment before the applicant for membership entered the coun-
cil chamber for initiation.   This payment included the
" amount of one benefit assessment."   Whether there was an
assessment between the 10th of February and the 23rd of
July, when the assessment in question was made, is not
clearly shown; but it may perhaps be inferred that there
was an assessment in the meantime known as No. 2.   But,
whatever the real fact may be, we are clearly of the opinion
that the appellants have failed to show that the deceased
was not in good standing at the time of her death, and this
they were bound to do.   *Tobin v. Western Mutual Aid
Society,* 72 Iowa, 261.

The record is in much confusion as to the amount ac-
tually paid by the deceased.   She held a receipt for the
amount now claimed to be delinquent, and this the appel-
lants attempt to discredit by evidence tending to show that

1. MUTUAL
BENEFIT ASSO-
CIATIONS:
non-payment
of assessments:
burden of
proof.

it was in fact given for assessment No. 2 but as we have said, there is in reality no evidence that such an assessment as No. 2 was ever made.   Again, the reports of the subordinate council sent to the supreme council show the payment of three assessments, Nos. one, two and three.   If assessment No. 2 for 1900 was in fact made, it was the first assessment for which Mrs. Sleight was liable, and the advance assessment paid at the time of initiation should have been applied to its payment.   *Hetzel v. Knights and Ladies of Golden Precept*, 129 Iowa, 655; *Arrison v. Mystic Toilers*, 129 Iowa, 303; *Rambousek v. Mystic Toilers*, 133 Iowa, 375.   If three assessments of $1.50 each were in fact paid, while but two could legally be demanded, the appellants had more than enough of a surplus to pay the quarterly per capita tax of fifty cents, which it is claimed was unpaid at the time of death.   In a case of this kind a forfeiture will not be declared except upon clear and satisfactory evidence, and this the record wholly fails to present.

It is manifest that the trial court found the plaintiffs entitled to the monument fund of $100 and to funeral benefits for the same amount.   The appellees now admit that they are not entitled to the former, but do insist on the latter.   We think they are entitled to it.   The petition as amended alleges that the plaintiffs are the nearest of kin to the deceased, and the evidence shows that they are her children, and that they did in fact have charge of her burial. This clearly brings them within the provisions of article 28 of the laws of the defendant company.   On the first appeal we held that the plaintiffs were not entitled to a money judgment for the death benefit, and as there has been no change in the issue affecting this right the plaintiffs are not now entitled thereto.   It may be that on proper pleadings and proof it may appear that the plaintiffs are entitled to a judgment for the full amount of the death benefit, but on the present record no more can be done than to order an assessment therefor within thirty days after the filing of this

opinion, such assessment to be made on all contributing members at the time of the death of Laura A. Sleight. The plaintiffs are, however, entitled to a judgment for the funeral benefit of $100 with interest thereon at 6 per cent. per annum from the 1st day of November, 1900. As thus *modified,* the judgment is *affirmed.*