KNIGHTS AND LADIES OF SECURITY *v.* LEWELLEN.

Opinion delivered October 3, 1921.

INSURANCE—NONPAYMENT OF PREMIUM —WAIVER. —Where the constitution and by-laws of a benevolent society provided that on failure to pay a monthly assessment when due the delinquent member should automatically stand suspended, it was error to instruct, in effect, that, if the society subsequently notified the member of his delinquency, this was evidence that the society had waived the delinquency.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; reversed.

*Calvin T. Cotham* and *A. J. DeMers,* for appellant.

*A. B. Belding, W. D. Swaim* and *James E. Hogue,* for appellee.

SMITH, J.  Appellee was the beneficiary in a certificate issued to T. J. Lewellen, her husband, by appellant, a fraternal insurance company. The certificate was issued on the 31st day of May, 1919, and the insured died on August 13, 1919. The premium was payable monthly on the first day of each month in advance, and there was a provision in the constitution and by-laws of the order that, if any member should fail to pay any monthly assessment by the last day of the month for which the assessment was due, the delinquent member should automatically stand suspended.

The controlling question of fact in the case is whether the insured had paid two premiums or only one. The parties practically agree that if two premiums were paid the company is liable, whereas, if only one premium was paid, appellant is not liable. In fact, appellee, in stating the case, says: "The paramount issue, and really the only issue, in the case was as to whether the assured had paid his dues."

We do not set out the testimony bearing upon this issue, as it may be different upon the retrial of the cause.

In submitting the case to the jury the trial court, among other things, said:

"If he failed to pay his dues, then he would stand automatically as suspended unless the association would voluntarily carry him on its books. On that feature of it, even though he had not paid his dues for the month of July, if they still carried him on the books and charged that dues to him and notified him that he was in arrears and made a demand on him, I think there was some evidence here to that effect, why that would be a waiver of that part of the constitution and by-laws which says that

a member is suspended for the nonpayment of dues, but unless they did carry him on that way, if he failed to pay the dues for July he was suspended and dropped automatically and could not claim any right at all under the certificate.''

The only testimony on this feature of the case was that on August 6, 1919, the home office of the appellant company addressed to Lewellen, the insured, a formal notice that he was in arrears for his July dues. Objection was made to the introduction of this testimony on the ground that it was irrelevant and incompetent, inasmuch as the original notice was not produced or its loss accounted for. We think, however, that the introduction of the original of the notice would not have warranted the giving of the instruction set out above.

It does not appear how the insured would have been reinstated if, in fact, he was delinquent. It may be that payment of the delinquent dues would have been sufficient, but no contention is made that any dues were paid after the date of this notice. It is certain, however, that the mere giving of formal notice of delinquency did not operate to reinstate the suspended member, as he was not thereby induced to take any action or to pay any money. 2 Bacon's Life & Accident Ins., 601.

The certificate sued on was for the sum of $2,000, but it contained the provision that, if the member should die within six months after the delivery of the certificate to the member, the company would be liable to the beneficiary for only sixty per cent. of the amount of the certificate; and, inasmuch as the assured died within six months of the date of his certificate, it is conceded that the appellant company is not liable for more than $1200. The judgment rendered was for this amount. It is claimed, however, that this sum is excessive under another section of the policy; and such appears to be the fact. Section 7 of the policy reads as follows: "It is herein further provided that, for the purpose of creating and maintaining a reserve fund, that, on the death of the

said member, the National Council shall retain fifty dollars of each one thousand dollars of this certificate, less one dollar per thousand for each year this certificate shall have remained in force." This certificate is for $2,000, and would have been enforceable for that amount if the assured had not died within six months of the date of his certificate. The beneficiary is not entitled to the credit of the dollar per thousand as the certificate had not been in force for one year. The necessary effect of this section of the policy is therefore to further reduce the amount of the recovery by a hundred dollars (in the event liability is properly found upon the retrial of the cause).

Other assignments of error are argued, but, as they may not arise on the retrial of the cause, we do not discuss them.

For the error in giving the instruction set out above, the judgment is reversed, and the cause remanded for a new trial.