NATIONAL BENEVOLENT SOCIETY *v.* HARRIS.

Opinion delivered October 15, 1928.

*S. R. Simpson*, for appellant.

*A. Welby Young*, for appellee.

KIRBY, J., (after stating the facts). Appellant insists that the court erred in not giving its peremptory instruction directing the jury to find for the appellee in the minimum sum of $100, less the small credit to which appellant was entitled, and this contention must be sustained.

"Policies of insurance should be interpreted by the rules governing other written contracts where the meaning of the language used is clear and explicit; but, where there is doubt as to the meaning of the language used, they should be construed strictly against the insurer, and favorably to the insured." *Home Mut. Ben. Assn.* v. *Mayfield*, 142 Ark. 240, 218 S. W. 371. The language of the clause of the policy relating to the payment of assess-

ments limiting the maximum liability is clear and explicit, providing that, when a member shall have passed the age of 45 years and the certificate has been in force for four years, the said member shall be assessed double the amount of previous assessments for the purpose of keeping in force his death benefit, and may change his certificate for a secondary certificate of the same form, wording and terms, "except that the maximum death benefit shall be $100."

The undisputed testimony shows that the deceased member had kept his policy in force for four years, had passed the age of 45 years, and had not paid double the amount of the previous or $1 assessments, and had only paid the same amount of assessments, $1 per month, after reaching the age of 45 years, as he had been paying before arrival at that age. Under the terms of the policy, if the insured had reached the age of 45 years the payment of $1 per month assessment, the amount that the member had been paying before arrival at such age, could only entitle his beneficiary to the maximum death benefit prescribed in the policy as though a secondary certificate had been issued.

The beneficiary testified that she had attended to the correspondence of her husband, and that he had never received any notice from the company of the increased assessments, notwithstanding it was shown one had been duly mailed to his address, with directions for its return to the company upon failure of delivery; and it was shown also that she and her husband knew of the provision in the policy for the double assessment after the age of 45 years had been reached by the insured. She testified that she had asked the local agent about the increase of the assessments, and been informed by him that the company would notify them when the increase was made, but that they had received no such notice.

The provision in the policy or certificate relating to the double assessment after insured had passed the age of 45 years, required for keeping in force the death benefit or allowing the change to a secondary certificate, with

28

a maximum death benefit of $100, at the same rate or assessment, is self-executing, and the insured could not continue the policy in force for the full amount, after passing the age of 45 years, without payment of double the amount of the former assessment, which, the undisputed testimony shows, was not done; and, since he was entitled, under the terms of the policy, to a secondary certificate with a maximum death benefit of $100 upon continuing to pay the old rate or assessment, the society, having received the assessments, was liable to the payment of that amount to his beneficiary as though such secondary certificate had been regularly issued. *Sovereign Camp W. O. W.* v. *Arthur,* 144 Ark. 114, 222 S. W. 729; *K. & L. of Security* v. *Lewellen,* 150 Ark. 60, 233 S. W. 797.

The court should have instructed a verdict for appellee for the maximum amount of $100 only, with interest, less the credit of $15.94 shown to be due the society, reducing the amount of the recovery accordingly.

The judgment will be modified, and, as modified, affirmed. It is so ordered.