ÆTNA CASUALTY & SURETY COMPANY *v.* SENGEL.

Opinion delivered February 9, 1931.

*Powell, Smead & Knox,* for appellant.

*Mahony, Yocum & Saye,* for appellee.

BUTLER, J. The appellant company insured the appellee against loss by burglary of property in appellee's safe in its place of business. While the policy was in force, burglars entered appellee's place of business and feloniously abstracted from said safe a sum of money. The appellant denied liability under the terms of its policy, and this suit was then instituted and the case submitted to the trial court on the policy of insurance and an agreed statement of facts.

The facts necessary for an understanding of the issues and such as are relevant to the question presented are as follows: the safe insured was not a burglar-proof safe and was not so stated in the policy, but was a fireproof safe. It had two doors—the outer door was provided with a combination lock and immediately inside the outer door was a small compartment or chest closed by a door of thin steel and provided with a lock which was manipulated by a key. This inner chest was used as a receptacle for the cash on hand. At the close of the day's business both the door to the small inside chest and the outer door were closed and securely fastened. During the night burglars entered the appellee's place of business and secured entrance into the safe through the outer door by manipulating the combination thereof so that it was opened without force or violence. Entrance was gained to the inner compartment by use of force upon the inner door by some tool directly upon the exterior of same, of which there were visible marks upon the exterior of such inner door, and the cash within the chest was abstracted.

Under insuring clause No. 1 of the policy, the appellee was indemnified for loss by burglary of property designated in "condition R" within the safe, inside or outside of any chest, caused by the abstraction of such property while the safe was closed and locked "after entry into such safe or vault has been effected by force and violence by the use of tools, explosives, electricity, gas, or other chemicals directly upon the exterior thereof, of which force and violence there shall be visible marks."

The property designated in "condition R," subdivision (a) thereof, was money and securities "in safe No. 1 inside or outside of any chest." By "condition B" the appellant provided that it should not be liable in paragraph No. 7 "for loss of property from within any safe containing a chest unless *both* the safe and chest have been entered in the manner specified in insuring clause No. 1, unless insurance is specifically provided in subdivision (a) or (c) of "condition R," and by paragraph No. 9 of said "condition B," "for any loss effected by opening any safe or vault insured hereunder by the use of any key or by the manipulation of any lock."

The question for our determination is, did the entry by violence of the door of the inner chest render the appellant company liable under the terms of its policy, although the outer door was opened without the application of any force, but by the manipulation of the combination lock?

In numerous cases under provisions insuring against the felonious abstraction of property from safes where the entry into them was effected by the extraneous forcible use of tools or explosives, it is held that such policies cover loss where entry was made into the inner chambers by such means, even though the outer safe was not so entered. These cases are collected in the note in vol. 41 A. L. R. at page 857, and to the same effect is the holding in a case decided by the Supreme Court of Utah, January 5, 1929, *Schubach* v. *American Surety Co. etc.,* 273 Pac. 974. But in the case of *Blank* v. *National Surety Co.,* 181 Iowa 648, 165 N. W. 46, L. R. A. 1918B, 562, a contrary rule was announced. In that case it was held that the loss was not covered where the burglary was effected by working the combination of the outer door and breaking into the inner door.

We have examined the various cases noted in 41 A. L. R., *supra,* and those cited in 181 Iowa, *supra,* to support the rule there announced, and can find no essential dissimilarity in the insurance clauses in the

policies considered in those cases. The arrangement and verbiage in some are different from those in others, but, in our opinion, the clauses, taken as a whole and giving to them a common sense interpretation, have essentially the same meaning; to protect the insured from loss from a forcible felonious entry, where marks of such are visible upon any of the doors through which entry from the outside was necessary to reach the property insured.

In *Blank* v. *National Surety Co., supra,* the court cites in support of the conclusion there reached the case of *First National Bank* v. *Maryland Casualty Co.,* 162 Cal. 61, 121 Pac. 321, Ann. Cas. 1936, 1170; *Maryland Casualty Co.* v. *Ballard County Bank,* 134 Ky. 354, 120 S. W. 301; and *Brill* v. *Metropolitan Surety Co.,* 113 N. Y. Supp. 476. These cases do not support the broad statement of the Iowa court. In the case of *First National Bank* v. *Maryland Casualty Co., supra,* there was a burglar-proof chest inside the outer safe, and the policy provided that force must be used against both. The proof was that tools were used only upon one, while the combination lock was worked on the other. *Maryland Casualty Co.* v. *Ballard County Bank, supra,* was a case where an officer of the bank was held up by burglars and forced to open the vault and the safe within the vault was opened by working the combination lock. The court held that the force used upon the officer to compel him to open the safe was not the force contemplated by the policy. The point decided in the case of *Brill* v. *Metropolitan Surety Co., supra,* was that the evidence failed to show "visible" marks of force, but that the reasonable inference was that the outer door was opened by the working of the combination and the inner door by a key.

Typical of those cases holding that liability is established where entrance is made by force upon the inner door, although the outer door was not forcibly entered, is the case of *Moskovitz* v. *Travelers' Indemnity Co.,* decided by the Supreme Court of Minnesota and reported in 144 Minn. 98, 174 N. W. 616. The insurance was against

loss by "entry into such safe or vault by actual force and
violence, of which force and violence there shall be visible
marks made upon such safe or vault by tools, etc." By
another clause in the policy liability was excluded though
there was an entry and burglary "unless all vault, safe
and chest doors are properly closed and locked by a com-
bination or time lock at the time of the loss or damage;
nor if the entry is effected by opening the door of any
vault, safe or chest by the use of a key or the manipula-
tion of any lock." The plaintiff sustained a loss by bur-
glary from his safe. There was no actual force used in
effecting an entry through the outer door, but the court
held that "liability arises when there is an entry by
actual force through the inner door by tools of which
there are visible marks, though entrance through the
outer door is effected by the manipulation of a lock and
no marks of force are upon it."

One of the latest cases is that of *Schubach* v. *Amer-
ican Surety Co., supra*. The safe in that case had an
outside door and an inner door, referred to as a fire-proof
door, and in the interior of the safe was a small chest.
This chest was made of steel and had a single door which
closed with a spring lock which was operated by the use
of a key, the two exterior doors being opened by the
manipulation of combination locks with which they were
fastened. No force was used upon the outer doors which
in any way enabled the burglars to gain admission to the
safe. The question was whether the door of the chest
was opened by force, and the court held that a reasonable
construction of the terms of the policy was that if such
was the case the indemnity should extend to and protect
the insured against loss resulting from forcibly gaining
entrance into the inner chest. The language of the insur-
ance clause of the policy was, "for all loss by burglary
occasioned by the abstraction of any such property from
the interior of any safe or vault described in the schedule
* * * by any person or persons making felonious
entry into such safe or vault by actual force and violence,

of which force and violence there shall be visible marks made upon such safe or vault by tools, etc.''

In the case at bar the appellant relies upon the case of *Blank* v. *National Surety Co., supra,* and the case of *Frankel* v. *Massachusetts Bonding & Ins. Co.,* decided by the Kansas City Court of Appeals and reported in 177 S. W. 775, the latter case being cited as a case directly in point. In that case entry was made through the outer doors without the use of force. Within the safe was a receptacle closed by a small iron or steel door which was found to have been broken open and visible marks appeared of the force exerted. The insuring clause of the policy under which liability was asserted is not quoted, but the statement is made that the burglarious entry insured against was ''by the use of tools or explosives applied directly to the outside thereof,'' the court holding that this was a limitation of liability for a loss occasioned by burglary committed by making an entry into the safe by the use of tools or explosives applied directly to the outside of the safe and excluded liability where the outside door was opened by the manipulation of a combination and the inner door closing the cash box was opened by force.

In none of the cases to which we have been referred was the insuring clause construed in connection with any subsequent explanatory or limiting paragraph; but in the instant case there is a subsequent paragraph which explains and limits the liability under the insuring clause. It is argued that the words ''exterior thereof'' in the insuring clause under review means that the force must have been exerted solely against the outside door, but these words must be considered in connection with the provisions of ''condition R'' and of the description of the safe contained in the policy. From these it is apparent that defendant was fully apprized of the nature of the safe, the uses for which it was intended, and where the property insured would be deposited. It knew of the inner chest, and it is fairly inferable that the defendant

had knowledge that valuables would be placed therein. The contract was to protect the plaintiff against burglary accomplished by force and violence, and by the seventh paragraph of "condition B," which must be considered in connection with the insuring clause, the insurer exempts itself from liability "for loss of property from within any safe containing a chest unless *both* the safe and chest have been entered in the manner specified in insuring clause 1, unless insurance is specifically provided in subdivision (a) of "condition R."

Insurance is specifically provided in that subdivision, and when therefore the property insured is in the safe, "inside or outside of the chest," it is not necessary that both be entered by force by the use of tools directly upon the exterior thereof, and if not both, then which? The policy does not say that it must be the outside door or that it must be the inner door. Hence it is obvious that all that would be necessary to bring the loss within the terms of the policy is that the force be exercised upon either door. This construction, we think, is warranted by the plain provisions of the policy. But, if doubtful, it must be construed in favor of the insured and in aid of his right to recover.

The rule is familiar that the clauses of an insurance policy must be read together, and, whatever may be the construction of a particular clause standing alone, it must be read in connection with subsequent clauses which limit or extend the insurer's liability, and, where the policy is susceptible of two different interpretations, that most favorable to the insured must be adopted. Applying these rules to the construction of the insuring clause here in question, as explained in subsequent paragraphs of the policy, we hold that the entry by force of the inner door is sufficient under the policy to affix liability, although the outer door was opened without the use of any force. As is said in *Moskovitz* v. *Travelers' Indemnity Co., supra*: "It was not difficult to write a policy making a forcible entry through the outside door attended by visible marks a prerequisite to liability. If the insur-

ance company intended to offer the plaintiff such a policy, it could have made its meaning sufficiently clear by the use of a few apt words, and, wishing its liability thus limited, it should have done so.''

It is lastly argued that, irrespective of the construction placed upon the insuring clause, there is no liability because of paragraph No. 9 of ''condition B,'' which provides, ''The company shall not be liable for any loss effected by opening any safe * * * by the use of any key or by the manipulation of any lock.'' In view of the preceding provisions of the policy, it is difficult to know just what was in the mind of the insurer when it wrote this paragraph. This was not pleaded as a defense to the plaintiff's complaint, nor is it such. Whatever might have been the purpose of the insurer, it cannot be given the effect suggested, for the reason that to do so would conflict with the liability of the insurer fixed by the preceding provisions, and it could mean only that where the entry was not effected by violence there would be no liability. We can think of only two ways by which entry might have been effected; one, by force, and the other by the use of keys or by manipulation of locks, and where the latter method was employed there would necessarily be no force, and, hence, no recovery. Paragraph No. 9 of ''condition B'' merely emphasizes the condition that there must be a forcible entry to affix liability.

The judgment of the trial court is in all things correct, and it is therefore affirmed.

KIRBY, J., dissents.