## BLACKNALL v. MARYLAND CASUALTY CO.

### No. 8354.

Court of Civil Appeals of Texas. San Antonio.

June 1, 1932.

Rehearing Denied July 20, 1932.

E. B. & Howell Ward, of Corpus Christi, for appellant.

R. H. Mercer and R. L. House, both of San Antonio, for appellee.

COBBS, J.

Suit was brought by appellant against appellee on a policy of insurance against burglary of a safe "through the forcible opening upon the premises, when not open for business of such safe, effected by means of explosives, tools or chemicals, of which forcible opening there shall remain visible marks upon the exterior of such safe while such safe is duly closed and locked by at least one combination or time lock."

The case was tried by the court, who found that, while the policy was in force, while plaintiff's place of business was closed and locked, his safe was opened, that there were visible marks upon the doors to the interior locked compartments of the safe, and that $240.67 was abstracted from such inner locked compartments of the safe. Judgment was rendered in favor of defendant because the loss sustained was not covered by the policy of insurance sued upon. The plaintiff has appealed.

The case presents the single issue whether the policy of insurance sued upon covers losses through the manipulation of the outer lock of the safe and through the use of force upon the exterior of the compartments therein, of which force marks remain visible.

The policy of insurance covered loss through the manipulation of the outer lock of the safe and the use of force upon the exterior of the inner compartment, of which force marks remained visible upon the exterior thereof. National Surety Co. v. Chalkley (Tex. Civ. App.) 260 S. W. 216; National Surety Co. v. Silberberg (Tex. Civ. App.) 176 S. W. 97, 98; Ætna Casualty & Surety Co. v. Sengel, 183 Ark. 151, 35 S.W.(2d) 67; Maryland Casualty Co. v. Bank, 134 Ky. 354, 120 S. W. 301; Schubach v. American Surety Co., 73 Utah, 332, 273 P. 974, 978; Johnston v. Fidelity & Deposit Co. of Maryland, 220 Mo. App. 753, 275 S. W. 973; 41 A. L. R. 856, 857, note.

There was no attempt to show how the money was abstracted and how the entry was made, but the facts of the case lead us to conclude that the money was taken through some fraud, thus making a prima facie case. The judgment is reversed, and judgment is here rendered for appellant for the sum of $240.67.

Reversed and rendered.

### On Appellee's Motion for Rehearing.

SMITH, J.

Appellee issued a "crime policy" of insurance to indemnify appellant—

"4. Against loss or losses, not exceeding Three Hundred ($300) Dollars in the aggregate, of money or property belonging to the Assured (including damage to any safe) through the forcible opening upon the premises, when not open for business, of such safe, effected by means of explosives, tools or chemicals, of which forcible opening there shall remain visible marks upon the exterior of such safe while such safe is duly closed and locked by at least one combination or time lock."

The trial court found the following facts:

"I find that on the night of July 20, 1931, a safe belonging to plaintiff, when not open for business, was forcibly opened and $240.67 abstracted from an inner locked compartment of such safe.

"I find that such safe was arranged with a combination lock on the exterior door, and a Yale or other type key lock on the doors to the interior compartments, and that when plaintiff's place of business was closed for the night all of such doors were locked.

"I find that after such forcible opening there remained no visible marks upon the exterior of such safe.

"I find that after such forcible opening,

there remained visible marks upon the doors to the interior locked compartments of such safe."

The insuring clause set out, when analyzed, is against loss (1) "through the forcible opening of" appellant's safe, (2) by means of "explosives, tools or chemicals" (3) evidenced by "visible marks upon the exterior of such safe while such safe is duly closed and locked by at least one combination or time lock."

The court found that the loss occurred (1) through the "forcible opening" of the safe, (2) all the doors of which were locked, and that, while the use of force was not evidenced by "visible marks upon the exterior of" the safe, it was (3) evidenced by such marks "upon the doors to the interior locked compartments of such safe."

In the original disposition in this court the judgment was reversed upon the stated ground that the loss occurred through "some fraud." We conclude that this was error. There was no question of fraud in the contract, the pleadings, the evidence, or the contentions of the parties below or on appeal. The only question is whether the loss occurred through the specific means expressed in the indemnifying clause of the policy. We conclude that the question should be affirmed.

The obvious purpose of the contract was to cover loss occasioned through forcible entry of the safe. The trial court found that this loss occurred through forcible entry of the safe. That finding is not questioned here, and is therefore conclusive.

It was further stipulated in the contract, however, as a condition to recovery, that the use of force in making entry into the safe must be evidenced by "visible marks upon the exterior of such safe while such safe is duly closed and locked by at least one combination or time lock." This provision is in the nature of a trick clause which is often found in such contracts, and is obviously designed to afford a highly technical means of escape from liability. It will be construed most strongly against the insurer and liberally in favor of the plain purpose of the contract which was to protect the insured against loss through burglary or robbery by force.

The findings show a loss through forcible entry of the safe, evidenced by visible marks upon the exterior of the locked compartment in which the stolen articles were actually stored. The loss was therefore brought substantially within the indemnifying clause, and recovery cannot be defeated by the immaterial fact that indubitable marks of violence, although visible upon the exterior of the actual repository of the articles pilfered, were not visible upon the extreme outer surface of the safe. The judgment of reversal and rendition should rest upon this ground, rather than upon that given in the original opinion.

Appellee's motion for rehearing will be overruled.