## MARYLAND CASUALTY CO. v. VEXLER.

### No. 9155.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 25, 1933.

On Rehearing Jan. 10, 1934.

R. H. Mercer, of San Antonio, for appellant.

David Weintraub, of San Antonio, for appellee.

SMITH, Justice.

Appellee recovered in an action upon a burglary insurance policy in which it was provided that the insurer would indemnify the insured for losses occasioned through felonious entry into the insured's safe, provided "that such entry shall be made by actual force and violence of which there shall be visible marks made by tools, explosives, electricity, gas or other chemicals, upon the exterior of all of said doors of such safe * * * if entry is made through such doors. * * *"

The record shows, conclusively, that the burglary was effected by forcible breaking into the door of appellee's place of business; by opening the locked outer door of the safe, apparently by manipulation rather than violent force; by violently breaking open the door of the interior of the safe wherein were situated the inner compartments containing the insured articles; and by breaking open the door into such inner compartments, and extracting the insured articles therefrom.

These facts of actual force and violence were conclusively shown by "visible marks" upon the door opening into the place of business; by "visible marks" upon the exterior of the door opening into the interior compartments of the safe; by similar marks upon the exterior of the door opening into the receptacle from which the insured arti-cles were taken, as well as by other irrefragable evidence.

There seems to have been no evidence, however, of such marks on the exterior of the outer door of the safe, which apparently was opened by manipulation of the combination thereto.

Appellant seeks reversal upon the ground that appellee was not entitled to recover in the absence of an affirmative showing that there were visible marks of violence upon the outer door of the safe, notwithstanding the evidence shows conclusively that the burglary was in fact accomplished by forcible and violent entry into the room and safe.

We are of the opinion that appellee was entitled to recover under the case made; that the requisite showing of burglary by force and violence was made in substantial accordance with the highly technical requirement of the policy sued on.

It has been so held by this court in similar cases. National Surety Co. v. Chalkley, 260 S. W. 216, 217; Blacknall v. Casualty Co., 52 S.W.(2d) 288, 289. In the Chalkley Case it was said by Chief Justice Fly: "The evidence showed that the property in the safe was obtained by * * * an actual breaking by force and violence of the inside compartments of the safe, and appellant should not be permitted to evade its liability by a technicality which under the facts of this case is absolutely unjustified. * * * There may be decisions in other state courts not in harmony with those cited, and with our opinion of the law, but if so they will not be followed."

And in the Blacknall Case it was said:

"The obvious purpose of the contract was to cover loss occasioned through forcible entry of the safe. The trial court found that this loss occurred through forcible entry of the safe. That finding is not questioned here, and is therefore conclusive.

"It was further stipulated in the contract, however, as a condition to recovery, that the use of force in making entry into the safe must be evidenced by 'visible marks upon the exterior of such safe while such safe is duly closed and locked by at least one combination or time lock.' This provision is in the nature of a trick clause which is often found in such contracts, and is obviously designed to afford a highly technical means of escape from liability. It will be construed most strongly against the insurer and liberally in favor of the plain purpose of the contract which was to protect the insured against loss through burglary or robbery by force.

"The findings show a loss through forcible entry of the safe, evidenced by visible marks upon the exterior of the locked compartment

in which the stolen articles were actually stored. The loss was therefore brought substantially within the indemnifying clause, and recovery cannot be defeated by the immaterial fact that indubitable marks of violence, although visible upon the exterior of the actual repository of the articles pilfered, were not visible upon the extreme outer surface of the safe."

It appears that writ of error was not applied for in the Chalkley Case, while writ was granted in the Blacknall Case, upon the ground of the "conflicts alleged" in the application.

This court is determined to adhere to the holding in those two cases unless and until that holding is expressly overruled by higher authority.

The judgment is affirmed.

### On Motion for Rehearing.

MURRAY, Justice.

Appellant has filed a motion for rehearing in which it insists that this court erred in affirming this cause in view of that provision of the policy which says that the company is not to be liable unless "entry shall be made by actual force and violence of which there shall be visible marks made by tools, explosives, electricity, gas or other chemicals upon the exterior of all of said doors of said safe." The record discloses that there were no visible marks on the exterior of the outside door of the safe, but, as said in the original opinion, the outside door must have been opened by a manipulation of the combination.

A majority of this court is of the opinion that, with this showing in the record, there can be no liability under the policy.

It is true that where a provision of an insurance policy is ambiguous or capable of more than one meaning it will be construed against the insurance company and most favorable to the assured. However, the above provision is not ambiguous and is not capable of two or more constructions. It fully protects the insurance company against the carelessness of the assured in leaving his safe unlocked or in permitting the combination to become known to untrustworthy persons.

The policy plainly requires that there must be visible marks upon the exterior of the outer door of the safe, and where the evidence clearly shows that there were no such marks there can be no liability. Northwestern Casualty & Surety Co. v. Barzune (Tex. Civ. App.) 42 S.W.(2d) 100.

Reference is made in the original opinion to the case of National Surety Co. v. Chalkley (Tex. Civ. App.) 260. S. W. 216. An examination of that opinion discloses the fact that the policy in that case contained a provision ma-

terially different from the provision in the policy in this case.

The motion for rehearing will be granted, the judgment heretofore rendered set aside, and the judgment of the trial court reversed and here rendered in favor of appellant.

SMITH, Justice (dissenting).

Believing that the original disposition was correct, I adhere to my opinion thereon, and therefore cannot concur in the majority opinion on rehearing.