AMERICAN NATIONAL INSURANCE COMPANY *v.* CHASTAIN.

4-3241

Opinion delivered December 18, 1933.

*Coleman & Riddick,* for appellant.

*John L. Sullivan,* for appellee.

HUMPHREYS, J. The issues involved on this appeal are: first, whether the group policy issued by appellant to the city of Little Rock protecting her firemen from total disability expired as total disability protection to appellee when he was placed on a pension by the city, or whether it continued in full force and effect thereafter; second, whether the evidence was sufficient to warrant the jury in finding appellee was totally disabled within the meaning of the policy; and, third, whether sufficient notice of total disability was given to appellant by appellee.

The first two issues were submitted to the jury under instructions the correctness of which is not questioned by appellant, and the last under an instruction which appellant claims was erroneous.

The policy in the instant case insured the lives of the firemen and policemen of the city of Little Rock for five years beginning December 1, 1927, premiums payable annually, the first annual premium being $4,249 with a provision therein providing for the payment of $2,000 to appellee if said appellee: "(1) has suffered subsequent to the date of the issuance of the policy for a period of at least 6 months total disability and that due proof is furnished the company; (2) and that the said

disablement began before the person injured had attained the age of 60 years; (3) and that, if proof of total disablement is furnished, the said total disablement must be shown to be such as to justify the presumption that it would continue throughout the entire subsequent lifetime of the said person and during that time wholly prevent the said person from pursuing any occupation for wages, compensation, or profit.''

It also contained the following provision: ''It is agreed that employees otherwise eligible but who are not working for full time and for full pay on the effective date of the policy applied for are to be excluded from insurance coverage until the date on which they return to service for full time and for full pay.''

The application contained the names of at least four firemen who had been retired on a pension, and who were not working full time and on full pay, but they were included in the group policies as beneficiaries.

(1) It appears from the record herein that, on March 1, 1930, appellee was retired on a pension by the city. Appellant argues that, under the terms of the policy set out above, its liability to appellee on account of total disability terminated when he ceased to work full time on full pay, or, to be more exact, on the date he was retired on a pension. It is disclosed by the record herein that appellant, in making out its claim for premiums due December 1, 1931, on the group policy, included appellee's name with the notation that he had been retired on pension, and it also appears that in remitting the premium due on that date by the city, appellee's name was included among those covered by the policy, although on a pension roll. This testimony was sufficient to sustain the finding of the jury that appellant had waived the provisions of the policy protecting only those who were working full time and for full wages.

(2) We cannot agree with learned counsel for appellant in their view that the evidence is insufficient to sustain the verdict of the jury to the effect that appellee was and is totally disabled within the meaning of that term as used in the policy. The construction placed

upon the term "total disability" as used in the policy means such disability as renders the policyholder "unable to perform all the substantial and material acts of his business or the execution of them in the usual or customary way." *Ætna Life Insurance Company* v. *Spencer,* 182 Ark. 496, 32 S. W. (2d) 310; *Mo. State Life Insurance Co.* v. *Barron,* 186 Ark. 46, 52 S. W. (2d) 733.

According to the testimony introduced by appellee, he has been unable to do any work since August 3, 1929, on account of tuberculosis. The jury found this to be the fact from conflicting testimony under correct instructions submitting the issue, and their finding is conclusive on appellant. It was a jury question and not one for the court. *Missouri State Life Ins. Co.* v. *Johnson,* 186 Ark. 519, 54 S. W. (2d) 407; *New York Life Ins. Co.* v. *Farrell,* 187 Ark. 984, 63 S. W. (2d) 520.

(3) The group policy contained conditions to the effect that due proof must be furnished appellant of total disability on the part of appellee. Appellee filed his proof of total disability on December 26, 1932, on account of having tuberculosis, which he contracted in 1929, during the life of the policy. As appears from the condition in the policy above referred to, no time was specified in which proof was required to be made. Based upon this fact, appellant contends that the proof should have been made within a reasonable time, and requested an instruction to that effect, which the court refused to give, over its objection and exception. The court modified the instruction so as to follow the language of the policy providing that due proof should be made of the disability by appellee before he could recover. Appellant objected and excepted to the court giving the instruction as modified. The court was within the law in modifying the instruction and in refusing to give it in the form requested by appellant. It was said by this court in the case of *Sovereign Woodmen of the World* v. *Meek,* 185 Ark. 419, 47 S. W. (2d) 567, that "under a benefit certificate providing for a recovery if insured should suffer bodily injury and furnish satisfactory proof of total disability, held the right to recover depended upon insured's total disability during the life of

the certificate, and not upon the receipt of the proof of total disability, no time being fixed in the policy for making such proof.''

Appellant has called our attention to certain testimony which it alleges was inadmissible, but we cannot agree with it. We think the evidence referred to was material to the issues involved.

No error appearing, the judgment is affirmed.