AMERICAN NATIONAL INSURANCE COMPANY *v.* WESTERFIELD.

4-3516

Opinion delivered July 2, 1934.

*Coleman & Riddick,* for appellant.

*W. L. Jean,* for appellee.

SMITH, J. On December 1, 1927, appellant insurance company delivered to the city of Little Rock its group policy of insurance covering the lives of the members of the Little Rock police and fire departments, with certain disability benefits accruing while the policy was kept in force by the payment of the annual premium required by the policy.

Appellee was and for many years had been a member of the city's fire department, and was the captain of one of the fire companies. Proper payments of premiums was alleged, and does not appear to be questioned. Appellee alleged that, while so employed and while entitled to the benefits of the group policy, he became totally and permanently disabled, and he brought this suit to recover the disability benefits which he was entitled to receive under the policy.

The policy contained the following conditions upon which the disability benefits might be demanded:

"1. That due proof is furnished the company that the said person has suffered subsequent to the date hereof for a period of at least six months either (a) total disability, (b) entire and irrecoverable loss of sight of both eyes, (c) loss of use of both hands, or of both feet, or one hand and one foot. * * *

"3. That, if proof of total disability is furnished, the said total disability must be shown to be such as to justify the presumption that it would continue throughout the entire subsequent life of the said person and during that time wholly prevent the said person from pursuing any occupation for wages, compensation, or profit.

"4. That the company, prior to the granting of the benefit, shall be permitted to make such examination of the person as may in reason be required to convince that

the conditions necessary for the granting of the benefit have been fulfilled.''

Appellee alleged his total disability and that he had made the proof thereof which the policy required. The suit was defended upon the grounds (1) that the insured was not totally and permanently disabled, and (2), if so, that sufficient proof thereof had not been made to confer the right to sue.

At the trial from which this appeal comes the question of disability was submitted under instructions conforming to numerous previous decisions of this court on that subject, and the testimony, to which further reference will be made, was sufficient to support the finding that appellee was totally and permanently disabled.

The serious question in the case is whether the testimony shows sufficient compliance with the provisions in regard to notice set out above. Paragraph 3 on this subject, above quoted, requires that proof of total disability be furnished such as to justify the presumption that the disability exists and will continue throughout the life of the insured, and during that time wholly prevent him from pursuing any occupation for wages, compensation or profit. Effect must be given to this provision, because the parties have so contracted. But this does not mean that the insurer must in fact be convinced. On the contrary, the proof is sufficient if it justifies the presumption of disability to an intelligent judgment, reasonably and fairly exercised. *Missouri State Life Ins. Co.* v. *King,* 186 Ark. 983, 57 S. W. (2d) 405; § 507, chapter Insurance, 14 R. C. L., page 1337.

The question was also raised and was submitted to the jury whether proof of disability was made within a reasonable time. This question was considered in the recent case of *American National Ins. Co.* v. *Chastain,* 188 Ark. 466, 65 S. W. (2d) 899, which was a suit upon a similar—if not, indeed, the identical—policy sued on herein. The appellant here was the appellant there, and it was there contended, as it is here contended, that proof was not made within the time required by the policy. It was there pointed out that no time was specified in which

proof was required to be made. An instruction was requested in that case to the effect that there could be no recovery unless the proof was made within a reasonable time, which was modified to provide "that due proof should be made of the disability by appellee before he could recover." It was there held that: "The court was within the law in modifying the instruction and in refusing to give it in the form requested by appellant." In so holding we quoted from the case of *Sovereign Woodmen of the World* v. *Meek,* 185 Ark. 419, 47 S. W. (2d) 567, as follows: "Under a benefit certificate providing for a recovery if insured should suffer bodily injury and furnish satisfactory proof of total disability, that the right to recover depended upon insured's total disability during the life of the certificate, and not upon the receipt of the proof of total disability, no time being fixed in the policy for making such proof."

However, in this case the question of the reasonableness of the time within which the notice and proof of disability should be furnished appears to be unimportant, for the reason that the insurer suggested and requested a postponement of the suit for an additional period of six months for the purpose of ascertaining, after that lapse of time, whether the disability from which the insured was then admittedly suffering was in fact permanent.

Now, upon the question whether the suit was prematurely brought for the reason that proof had not first been furnished sufficient to justify the presumption that the insured was totally and permanently disabled, it may be said that the testimony upon that issue was to the following effect: The city clerk, the custodian of the policy sued on, testified that on December 16, 1932, he made written application to the insurer for proper blanks for making proof of insured's disability. These blanks were duly furnished. One of these was the "claimant's statement," which was filled out and dated December 29th and signed by the insured. This statement recited that the disability began June 25, 1932, and was occasioned by a ruptured appendix, for which an operation was per-

formed 9-13-31, and a second 10-27-31. The name and address of the surgeon performing the operations was given, and the statement was made that the insured was unable to perform labor and was totally and permanently disabled.

A statement was made, as part of the proof, by the attending surgeon, which was duly verified, to the effect that, following the appendix operation, a rectal abscess came on immediately after the abdominal wound closed, resulting in a disability which the surgeon stated was "permanent and total at this time."

The city clerk, as the custodian of the city's records and of its payrolls, made the "employer's statement," which was attested by the chief of the fire department. This statement showed the insured's retirement from the fire department because of his disability. These proofs were transmitted by registered mail to the insurer.

These "proofs" were not regarded as sufficient, and the request was made that the insured submit himself to an examination by a surgeon selected by the insurer. This request was complied with and the examination made, and it is insisted that the report thereof left the permanency of the insured's disability in doubt, and for this reason a postponement of the suit for six months was suggested by the insurer. This doctor testified at the trial that the insured was totally disabled at the time of his examination, but it was his opinion that, if the fistula was cured, as it might be by one or more operations, the insured might do light work, but that he could not thereafter do heavy work, even though the operations were successful. It was the opinion of another doctor who also examined the insured that one or more successful operations would probably entirely restore the insured so that he would not be disabled, and that he thought these operations could be successfully performed. It may be said that a third operation was performed on the insured after his proof had been submitted, which did not relieve his condition, and the opinion was expressed by three physicians who testified on behalf of the insured that an incurable condition existed which

rendered the insured totally and permanently disabled. These conflicts of opinion, which are always found where experts express opinions, were resolved in the insured's favor by the verdict of the jury for the amount of the disability benefits provided for in the policy sued on.

It is insisted that the court erred in allowing a penalty and an attorney's fee, and that the fee allowed was excessive, and that error was committed in awarding judgment for interest. The insistence is that the insured had not denied liability, but had asked for additional proof, which the insured refused to furnish. This proof appears, however, to have been the same proof covered by the blanks originally furnished for that purpose, which had previously been filled and returned. Besides, as has been said, the insured had submitted himself to an examination at the hands of a surgeon selected by the insurer, and the jury was, therefore, warranted in finding that there had been no failure to furnish proof and that the suit had not been prematurely brought.

Interest appears to have been calculated from a date about sixty days later than the date on which the proof was submitted, which the court evidently found was a reasonable and sufficient time for payment. The policy itself provided that the benefits should be payable "upon receipt of the individual certificate and of due proof of the occurrence of the events upon which the payment of the benefit is contingent." It appears, therefore, that interest was properly allowed. The penalty is fixed and allowed by the statute.

The attorney's fee was fixed at $300. The sum recovered under the policy was $2,000. The attorney's fee does not appear to be excessive when compared with other fees in such cases which have been approved by this court.

There appears to be no error, and the judgment will be affirmed. It is so ordered.