THE LINCOLN NATIONAL LIFE INSURANCE COMPANY *v.*
COOK.

4-4778

Opinion delivered November 1, 1937.

*J. D. Frank, John J. DuLaney* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*Shaver, Shaver & Williams* and *Sam T. Poe* and *Tom Poe,* for appellee.

HUMPHREYS, J.   This suit was brought in the circuit court of Little River county by appellee against appellant to recover $409 on an insurance policy issued by Merchants Life Association in February, 1915, to Thomas B. S. Cook insuring him for $5,000, all obligations of which were assumed by appellant on September 30, 1928.

After the assumption of the obligations in the contract by appellant, Thomas B. S. Cook, the insured, or his sons paid all assessments to appellant except the assessment levied on January 31, 1936, payable within

the grace period or on February 29, 1936. The indemnity provided in the policy was $5,000 in case of the death of the insured, or, in lieu thereof, $500 payable annually to him in the event of his total and permanent disability. The quarterly assessments increased from time to time, and the quarterly assessment which became due on January 31, 1936, amounted to $91. This assessment was not paid on that date nor within the grace period.

Appellee alleged in his complaint that, prior to that assessment, he became totally and permanently disabled, and that appellant owed and had in its hands $500 of the insured's money out of which appellant should have paid the assessment instead of declaring a forfeiture of the policy for failure to pay said assessment. The policy sued upon contained the following provisions relative to liability for total and permanent disability:

"Should the insured while the policy is in full force and effect become totally and permanently disabled by accident or by sickness or disease so as to be wholly and permanently incapacitated thereafter from doing any work or conducting any business for compensation and profit * * * then upon request in writing, and the forwarding to the association satisfactory proof of the happening of such event he shall be entitled to recover an amount equal to one-tenth of the policy until the whole amount of the policy shall be paid provided said partial payment shall be indorsed on the policy, and upon the death of the assured shall be deducted from the amount payable at death, and provided also that the quarterly calls shall be made and payable the same as though the partial payments were not made and with like penalties, force and effect. * * *."

Appellant filed an answer denying that the insured was totally and permanently disabled prior to the levy of the assessment; and as a further defense alleged that the insured did not notify it that he was totally and permanently disabled and forward to it satisfactory proof of the happening of such an event.

The cause was submitted upon the pleadings, evidence and instructions of the court, which resulted in a

judgment against appellant for $409, from which is this appeal.

Appellant contends for a reversal of the judgment because the court refused to peremptorily instruct a verdict for it, giving as a reason therefor, that the testimony of C. N. Cook was insufficient to carry to the jury the question as to whether forms for furnishing proof of disability had been requested by the insured and refused.

It is not seriously questioned that the proof was sufficient to carry to the jury the issue whether the insured was totally and permanently disabled during his lifetime, and while the contract was in force. The jury has found that he was, and the finding is supported by substantial evidence.

The argument is that C. N. Cook's testimony failed to show that he directed the letter written in December, 1936, to appellant informing it that insured was permanently disabled, and requesting forms to make proof of disability or that he directed it to the place of business of appellant. The purport of C. N. Cook's testimony was to the effect that he wrote and mailed such a letter to appellant in December, 1936. Appellant cites the case of *Cotton States Life Insurance Company* v. *Tanner,* 180 Ark. 877, 23 S. W. (2d) 268, in support of its argument and quotes from it as follows:

''The evidence also shows that notice was sent to the company, but this evidence was insufficient, for the reason that it does not show to what place the letter was addressed and in order to show that proof was made by a letter, it would be necessary to show that it was mailed to the company at some place where the company had a place of business. The evidence on these issues does not seem to have been developed, but upon another trial the parties can either present this evidence or find out that they are unable to do so.''

Appellant bases its argument upon the assumption that furnishing proof of disability by appellee was by the policy made a condition precedent to liability for the disability benefits. We have frequently construed similar paragraphs in policies to the paragraph in this

policy which is quoted above and relied upon by appellant to mean that the proof of disability need not be made during the life of the insured, but that the proof of disability might be made at any time within the statutory period of limitations. We so ruled because no time limit for making the proof was contained in the policies, and for that reason was not a condition precedent to liability. In the case of *Sovereign Camp, W. O. W., v. Meek*, 185 Ark. 419, 47 S. W. (2d) 567, this court said:

"Appellant contends for a reversal of the judgment because appellee made no satisfactory proof to it of his total disability. Under our construction of paragraph 12 of the certificate quoted above, the existence of total disability during the life of the certificate was enough to create liability. Under a correct interpretation of the meaning of paragraph 12 the obligation of appellant rested upon the total disability of appellee during the life of the certificate, and not upon receipt of the proof of disability by appellant. A similar clause or paragraph in an insurance policy was thus construed by the Circuit Court of Appeals, 29 Fed. (2d) 977, and approved by the Supreme Court of the United States in the case of *Bergholm v. Peoria Life Ins. Co. of Peoria, Ill.*, 284 U. S. 489, 52 S. Ct. 230, 76 L. Ed. 416. It will be observed that no time was fixed in the paragraph construed for making the proof of total disability." Following the rule in the Meek case this court said in the case of *Sovereign Camp, W. O. W., v. Law*, 190 Ark. 653, 80 S. W. (2d) 50:

"It is true that proof of disability was not made, but the disability occurred while the policy was in full force and effect, and, when the total disability occurred, the rights of the parties were fixed. * * * The policy in the instant case did not require proof of disability to be made at any certain time."

This rule was reaffirmed in *Ætna Life Ins. Co. v. Davis*, 187 Ark. 398, 60 S. W. (2d) 912. In the last cited case it was said that, "it was immaterial how, or when, proof of disability was made, if within the statutory period." The rule in the Meek case was also followed

in *Home Life Insurance Co.* v. *Keys,* 187 Ark. 796, 62 S. W. (2d) 950. In that case this court said: ''The question presented for decision is, was the making of proof of disability a condition precedent? We hold that it was not.'' The rule was again affirmed in *American Nat. Ins. Co.* v. *Chastain,* 188 Ark. 466, 65 S. W. (2d) 899, and again in *American Nat. Ins. Co.* v. *Westerfield,* 189 Ark. 476, 73 S. W. (2d) 155.

Appellant cites the case of *Chandler* v. *New York Life Ins. Co., ante,* p. 6, 104 S. W. (2d) 1060, to the effect that furnishing of proof of disability was a condition precedent, but in that case this court ruled that the language of the policy itself made it so. The case is not applicable in support of appellant's contention.

Under the facts of this record and under the law as declared, it is immaterial whether the letter C. N. Cook claims to have written was directed to appellant at its usual place of business or not, because the undisputed evidence shows that on November 3, 1936, which was within the statutory period of limitations (C. & M. Dig., § 6950), appellee's attorney demanded by letter the payment of the indemnity and requested blanks to furnish proof of insured's total and permanent disability, and that on November 16, 1936, in reply to that letter, appellant denied liability and, also, refused to furnish blanks for making proof of disability.

This, of course, under the law amounted to a waiver of proof of disability.

Appellant, also, contends that the court erred in not granting it a continuance because the testimony of C. N. Cook was at variance with the allegations in the complaint. We do not think so because it was alleged in the complaint that all conditions of the policy had been performed, and that appellee had requested blank forms to furnish proof of disability, but that appellant had refused to furnish same, and appellant filed an answer denying that appellee had complied with all the conditions in the policy. The allegation and denial was broad enough to cover the testimony of C. N. Cook as well as the testimony that the attorney for appellee on Novem-

ber 3, 1936, had notified appellant of the permanent disability of the insured within sufficient time under the terms of the policy. Under our construction of the terms of the policy, it was not necessary to give notice of the disability and make proof thereof during the lifetime of the insured, but such notice was sufficient if given within the statutory period of limitations. Appellant was not surprised or misled in any way because it took the deposition of R. G. Stagg under stipulation of date December 16, 1936, and in that deposition appellant propounded the following questions to Stagg to which the following answers were made: "Q. Did the insured, Thomas B. S. Cook, at any time during his lifetime, ever request in writing that the Lincoln National Life make payment of one-tenth of the policy on account of total and permanent disability? A. No. Q. Did Thomas B. S. Cook, during his lifetime, ever submit or furnish to Lincoln National Life Insurance Company proof of total and permanent disability? A. No." Appellant did not file a motion to make the complaint more definite and certain, and these questions propounded and answers received from R. G. Stagg show that it anticipated that proof of this character would be admissible under the allegations of the complaint. There was no material variance between the allegations of the complaint, and the proof in the case, and the court did not err in denying appellant's motion for a continuance.

Appellant contends that the court erred in giving instruction number seven which is as follows: "If you find from a preponderance of the evidence that the defendant, when requested, failed or refused to furnish insured, the plaintiff, forms for making proof of total and permanent disability then you are instructed this relieved insured, and plaintiff, from furnishing further or other proof of total and permanent disability." It is argued that this instruction assumed that the evidence was undisputed on the question whether appellant waived the furnishing of proof of disability if it declined to furnish blank forms when requested. We do not think it susceptible of this construction. It is left to the jury to

find from a preponderance of the evidence whether defendant declined to furnish blank forms when requested.

Under our construction of the contract which does not make the proof of disability a condition precedent to recovery appellant had in its hands on January 31, 1937, $500 belonging to appellant out of which it could have paid the assessment due on that date, hence it had no right under the law to declare a forfeiture of the policy.

No error appearing, the judgment is affirmed.