The Honorable Doug Wood State Representative P.O. Box 7078 Sherwood, AR 72116
Dear Representative Wood:
This is in response to your request for an opinion on whether the period for income disability benefits provided in Section 1(b) of Act 138 of 1973 ends fifty-three weeks after the date of the accident or is subject to the three year limitation of A.C.A. §16-56-105 (1987).
It is my opinion that the statutory benefit period in question ends fifty-three weeks after the date of the accident.
Section 1(b) of Act 138 (1973), codified at A.C.A. § 23-89-202(2) (Cum. Supp. 1991), provides that every automobile liability insurance policy covering a private passenger motor vehicle issued or delivered in this state shall provide to certain persons the following income disability benefits, without regard to fault:
 Seventy percent (70%) of the loss of income from work during a period commencing eight (8) days after the date of the accident, and not to exceed fifty-two (52) weeks, but subject to a maximum of one hundred forty dollars ($140) per week (Emphasis added).
The first rule in determining the meaning of a statute is to construe it just as it reads, giving words their ordinary and usually accepted meaning in common usage. Bolden v. Watt,290 Ark. 343, 719 S.W.2d 428 (1986). It is my opinion that a plain reading of the above language reveals the legislature's intent that a person so entitled be compensated for a percentage of any loss of income from work that he or she suffers during the one-year period that begins eight days after the date of the accident. Thus, the statutory benefit period would come to an end fifty-three weeks after the date of the accident.
It must be noted, however, that suit may be brought by an insured to recover such benefits within five years of the date the cause of action accrues. Arkansas Code Annotated Section 23-79-202(a) (1987) provides that suit may be brought by an insured, or any other person on his behalf, to recover on any claim or loss arising under a policy of insurance on property or life, which would include an automobile insurance policy, against the insurer at any time within the period prescribed by law for bringing actions on promises in writing. The statute of limitations in Arkansas on promises in writing is five years after the cause of action accrues.[1] See A.C.A. § 16-56-111 (Cum. Supp. 1991). While the policy itself may require proof of disability within a certain time period as a condition precedent to liability, its failure to do so renders disability provable at any time within the applicable limitations period. See LincolnNational Life Ins. Co. v. Cook, 194 Ark. 794, 109 S.W.2d 679
(1937). In conclusion, while the statutory benefits period appears to end fifty-three weeks after the date of the accident, suit to recover such benefits apparently may be brought at any time within five years after the accrual of the cause of action.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
CCT/WB:ch
[1] The three-year statute of limitations set out in A.C.A. §16-56-105 (1987), referred to in your request, governs contracts, obligations, and liabilities that are not in writing.